UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorneys for Defendant

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>                                   *Plaintiff,*<br><br>                  v.<br><br>**ALAN RAMPERSAD**,<br><br>                                   *Defendant.* | Case No. 2:17-cv-01319 (KM-JBC)<br><br><u>CIVIL ACTION</u><br><br>**ANSWER, SEPARATE DEFENSES**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Defendant, ALAN RAMPERSAD, by way of Answer to plaintiff's Amended Complaint, says:

<u>INTRODUCTION</u>

1. No factual allegations are alleged against this defendant in paragraph 1 of the Amended Complaint which consists solely of legal conclusions. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint and leaves plaintiff to its proofs.

2. Defendant Denies the allegations contained in paragraph 2 of the Amended Complaint.

3. No factual allegations are alleged against this defendant in paragraph 3 of the Amended Complaint which consists solely of legal conclusions. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 3 of the Amended Complaint and leaves plaintiff to its proofs.

### Jurisdiction and Venue

4. Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 4 of the Amended Complaint and leaves plaintiff to its proofs.

5. Defendant Denies the allegations contained in paragraph 5 of the Amended Complaint.

6. No factual allegations are alleged against this defendant in paragraph 6 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 6 of the Amended Complaint and leaves plaintiff to its proofs.

7. Defendant Admits residing in this District, but Denies any allegations in paragraph 7 of the Amended Complaint as they pertain any wrongful acts or omissions committed by defendant.

### Parties

8. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 8 of the Amended Complaint and leaves plaintiff to its proofs.

9. Defendant Admits the allegations contained in paragraph 9 of the Amended Complaint.

Factual Background

10. No factual allegations are alleged against this defendant in paragraph 10 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Admits that he resides in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 10 of the Amended Complaint and leaves plaintiff to its proofs.

11. No factual allegations are alleged against this defendant in paragraph 11 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

12. No factual allegations are alleged against this defendant in paragraph 12 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

13. No factual allegations are alleged against this defendant in paragraph 13 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

14. No factual allegations are alleged against this defendant in paragraph 14 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

15. No factual allegations are alleged against this defendant in paragraph 15 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

16. No factual allegations are alleged against this defendant in paragraph 16 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

17. Defendant Denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant Denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant Denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant Denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant Denies the allegations contained in paragraph 21 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant.

Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

22. Defendant Denies the allegations contained in paragraph 22 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

23. Defendant Denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant Denies the allegations contained in paragraph 24 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

25. Defendant Denies the allegations contained in paragraph 25 of the Amended Complaint.

Miscellaneous

26. No factual allegations are alleged against this defendant in paragraph 26 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

27. No factual allegations are alleged against this defendant in paragraph 27 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations

in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

## COUNT I

28. Defendant Denies the allegations contained in paragraphs 1-27 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in these paragraphs of the Amended Complaint and leaves plaintiff to its proofs.

29. Defendant Denies the allegations contained in paragraph 29 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

30. Defendant Denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant Denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant Denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant Denies the allegations contained in paragraph 33 of the Amended Complaint.

WHEREFORE, defendant demands that plaintiff's Amended Complaint against defendant be dismissed in its entirety with prejudice.

SEPARATE DEFENSES

1. This Court has no jurisdiction over defendant due to plaintiff's failure to serve defendant personally.

2. Defendant owed no duty to plaintiff since there is a question whether plaintiff actually owns or has exclusive right to the copyrights to the works remains in question, and whether plaintiff intentionally seeded the "honey pot" (or the market) with its digital files with the purpose of generating litigation.

3. <u>Failure to State a Claim Upon Which Relief Can Be Granted</u>. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted in that the applicable statute of limitations has expired on plaintiff's works. In addition, plaintiff's Amended Complaint fails to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address plaintiff asserts is related to defendant. As such, plaintiff's Amended Complaint fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Moreover, as plaintiff stated in its "Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," Internet Service Providers may maintain its IP address logs "for weeks or months; others are stored very briefly before being purged." ECF No. 4-4 at 2, n. 3 (citing Statement of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee on Judiciary Subcommittee on Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) (available at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf.) Plaintiff has no evidence

showing that defendant was the account holder for IP address 76.116.108.250 during the alleged hits stated in Exhibit A annexed to the Amended Complaint.

4. Any damage suffered by plaintiff was due to conduct of third parties or the co-defendants over whom this defendant had no control, which conduct intervened and superseded any conduct or negligence of this defendant. Those other parties would be the actual person other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

5. <u>Laches</u>. Plaintiff's claim is barred by the doctrine of laches as plaintiff made no attempt to enjoin the file-sharing practices of which it complains. Plaintiff's inaction or ineffectiveness in preventing the practices of the users of BitTorrent websites, has allowed members of the public to justifiably assume that any such file-sharing was a completely legal practice. Plaintiff alleges that the file-sharing activity of plaintiff's copyrighted material in defendant's household began in April 2, 2015, and continued for more than eighteen (18) months until October 21, 2016. However, plaintiff chose not to file its Complaint until February 24, 2017. Instead of acting anytime during the more than eighteen (18) months between April 2015 and October 2016 to stop the downloads, plaintiff decided to passively watch the IP address plaintiff alleges belonged to defendant until someone purportedly using that IP address downloaded a number of other works of plaintiff in order to seek higher statutory damages. Had plaintiff acted sooner, it could have curbed the alleged infringing activity anytime during the more than eighteen (18) months between April 2015 and October 2016 and could have deterred infringements. Plaintiff's delay in pursuing this suit led to additional alleged infringements.

Plaintiff's delay and inaction was inexcusable and prejudicial to defendant and members of defendant's household.

6. Plaintiff's claim is barred by the doctrine of unclean hands since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

7. Plaintiff's claim is barred by the doctrine of estoppel since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

8. <u>Failure to Mitigate Damages</u>.  Any damages suffered by plaintiff as a result of circumstances pled in plaintiff's Amended Complaint were the direct result of plaintiff's failure to take reasonable action to prevent damages, and by such failure, plaintiff failed to mitigate any damages.  Plaintiff is aware that the defendants they pursue typically download multiple works.  However, plaintiff chose not to stop the infringement when it began;  but decided instead to wait until there were more alleged downloads.  Plaintiff alleges in this case that downloads of its materials took place during the eighteen (18) months from April 2, 2015, through October 21, 2016.  Plaintiff could have taken steps at the beginning to prevent future downloads, including, but not limited to, sending a DMCA notice through defendant's Internet Service Provider or filing its lawsuit more timely.   Instead, plaintiff chose to do nothing for eighteen (18) months and watch and allow another thirteen (13) alleged downloads to occur.  As a result, plaintiff caused itself greater damage, through its inaction and inexcusable delay

9.     <u>Failure to Join An Indispensable Party</u>.   Plaintiff has failed to join parties without whom the action cannot proceed and this defendant reserves the right to move to dismiss due to plaintiff's failure to join indispensable parties.  Those other parties would be the actual person other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

10.    The contents of plaintiff's works are in the public domain since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

11.    The copyrights to plaintiff's works were not properly registered.

12.    Any copying or use of any of plaintiff's works by defendant was de minimis.

13.    Any copying or use of any of plaintiff's works by defendant was fair use since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

14.    Plaintiff has forfeited its rights in the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

15.    Plaintiff has misused its rights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP

International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

16. Plaintiff has abandoned the copyrights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

17. On information and belief, plaintiff has received thousands of dollars in settlements from Doe defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which plaintiff alleges defendant participated. As a result, defendant is entitled to a set-off of all monies collected by plaintiff for the same works and alleged BitTorrent swarm(s) plaintiff alleges this defendant was a participant in which plaintiff has settled, or will settle in the future with other individuals.

> LESLIE A. FARBER, LLC
> Attorneys for Defendant
>
> By: /s/ Leslie A. Farber
> Leslie A. Farber

Dated December 4, 2017

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable herein.

> LESLIE A. FARBER, LLC
> Attorneys for Defendant
>
> By: /s/ Leslie A. Farber
> Leslie A. Farber

Dated December 4, 2017

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on December 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

Dated  December 4, 2017

<u>/s/ Leslie A. Farber</u>
Leslie A. Farber