**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMES B. CLARK III**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING U.S. COURT<br>HOUSE BUILDING<br>50 WALNUT ST<br>NEWARK, NJ 07102<br>973-776-7700 |

## LETTER ORDER PURSUANT TO RULE 16.1

**CASE NAME**: MALIBU MEDIA, LLC. v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.116.108.250

**Civil Action No.:** 17-1319 (KM)

Dear Counsel:

A scheduling conference shall be conducted before the undersigned at **10:00 AM** on **February 23, 2018**, in Courtroom 2A of the Martin Luther King U.S. Courthouse Building, Newark, New Jersey.  See Fed. R. Civ. P. 16.1 and L.Civ.R. 16.1(a).

Counsel are advised that the initial disclosures of Fed. R. Civ. P. 26 will be enforced. Therefore, counsel shall immediately review that rule and comply with either the time of objection process set forth in subdivision (1) (c)of Rule 26:

At least fourteen (14) days prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to Fed. R. Civ. P. 26(f), and **shall submit a joint discovery plan to the undersigned not later than seven days prior to the conference with the Court**.  The joint discovery plan shall include (1) a brief summary of the claims and defenses; and (2) a proposed schedule for completing fact and expert discovery.  The joint discovery plan may include a summary of the status of settlement negotiations. (THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.) Counsel shall submit the joint discovery plan by either fax or email, not both. The joint discovery plan should not be submitted electronically.

At the conference, the Court will address scheduling of all motions.  No motions excepting those required by the Federal Rules of Civil Procedure as, for example, listed in Rule 12 (b), shall be filed without prior leave of Court.  If any motions have already been filed, please advise the Court immediately, in writing, regarding the nature of the motion and its present status.  Pursuant to my Standing Procedures found in Appendix 2 of Lite's New Jersey Federal Practice Rules, you may submit unopposed applications for *pro hac vice* admission with my Chambers.  Please obtain consent of your adversary prior to filing your application, advising both in your cover letter and proposed Order that you have consent.

At the conference, all parties who are not appearing pro se **must be represented by counsel who shall have full authority to bind their clients in all pre-trial matters.**  Counsel shall also be prepared to discuss the merits of the case and have settlement authority.  Clients or persons with authority over the matter shall be available by telephone.  See L.Civ.R. 16.1(a).

Counsel for plaintiff(s) shall notify any party, who hereafter enters an appearance, of the

above conference, and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be canceled.

Failure to comply with the terms herein may result in the imposition of sanctions.

**SO ORDERED this 5th     day of December, 2017.**

                                         *s/James B. Clark, III*
                                         **JAMES B. CLARK, III**
                                         **UNITED STATES MAGISTRATE JUDGE**

Orig: Clerk
cc:   Courtroom Deputy
      File

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
| Plaintiff(s), | : | Hon. |
| v. | : | JOINT DISCOVERY PLAN |
| Defendant(s). | : |  |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

2. Have settlement discussions taken place?  Yes _____  No _____

    If so, when?  _____

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $ _____
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer:  $ _____
        (2) Non-monetary offer: _____

3. The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. The parties proposed the following:

    (a) Discovery is needed on the following subjects:

    (b) Should discovery be conducted in phases? If so, explain.

    (c) Number of Interrogatories by each party to each other party: _____

      (d)    Number of Depositions to be taken by each party: _____

      (e)    Plaintiff's expert report due on _____.

      (f)    Defendant's expert report due on _____.

      (g)    Motions to Amend or to Add Parties to be filed by _____.

      (h)    Dispositive motions to be served within _____days of completion of discovery.

      (i)    Factual discovery to be completed by _____.

      (j)    Expert discovery to be completed by _____.

      (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

      (l)    A pretrial conference may take place on _____.

      (m)    Trial by jury or non-jury Trial?

      (n)    Trial date: _____.

7. Do you anticipate any discovery problem(s)? Yes _____ No _____
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes _____ No _____

If so, explain.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10. Is this case appropriate for bifurcation? Yes _____ No _____

11. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

 

                                                     _____
                                                     Attorney(s) for Plaintiff(s)

 

                                                     _____
                                                   Attorney(s) for Defendant(s)

## ALTERNATIVE DISPUTE RESOLUTION
## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

      Mediation is the Alternative Dispute Resolution ( "ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States District Judge Madeline Cox Arleo) who is available to answer any questions about the program.

      Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

      A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

      If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

      Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.

      If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site "pacer.njd.uscourts.gov" and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

      **Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**